Dear Representative Stine:
You have requested an opinion of this office as to whether monies received as a result of a settlement between the State of Louisiana and Chevron U.S.A. in the amount of $20 million ($20,000,000) are subject to deposit into the Mineral Revenue Audit and Settlement Fund pursuant to Article VII, § 10.5 of the Louisiana Constitution.
Article VII, § 10.5 (A) and (B) provide in part as follows:
 (A) . . . of revenues received in each fiscal year by the state through settlements or judgments which equal, in both principal and interest, five million dollars or more for each settlement or judgment, resulting from underpayment to the state of severance taxes, royalty payments, bonus payments, or renewals, the treasurer shall make the following allocations . . .
* * * * * *
 (B) . . . the treasurer shall then deposit in and credit to the Mineral Revenue Audit and Settlement Fund any such remaining revenues . . .
The settlement in the Chevron case, no doubt, has resulted due to alleged underpayments of monies pertaining to mineral production thus invoking the provisions of Article VII, § 10.5.
Accordingly, the treasurer is required to deposit those monies received as a result of the settlement into the Bond Security and Redemption Fund. (La. Const. Art. VII, § 9(B). Subsequent to deposit in that Fund the first $5 million ($5,000,000) must be credited to the Department of Justice Claims Recovery Fund pursuant to R.S. 49:259. Additional payments then are made as specified by Article VII, § 4 (D) and (E) of the Constitution; then payments are made as provided by the requirements of Article VII, § 10-A, 10.1, 10.2, and 10.33 of the Louisiana Constitution.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KENNETH C. DEJEAN Assistant Attorney General
KCD:ams 1560y